# EXHIBIT B

LEXSEE 2005 U.S. DIST. LEXIS 13693

**WILLIE MAE WALKER, ROBERT WOLFE, WILMA BROWN, CLEO CRAVENS, MARILYN PROVINES, PHILLIP NUNN, Plaintiffs, v. MERCK & CO., INC., COURTNEY PHARMACIES, P.C., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., CAREMARK ILLINOIS MAIL PHARMACY, LLC, MEDICINE SHOPPE OF SALEM, INC., K-MART CORPORATION, K-MART CORPORATION OF ILLINOIS, MEDCO HEALTH SOLUTIONS, INC., Defendants.**

Case No.: 05-CV-360-DRH

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

*2005 U.S. Dist. LEXIS 13693*

**June 22, 2005, Decided**
**June 22, 2005, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a products liability case, plaintiff consumers sued defendants, a drug maker and pharmacies, in state court for damages for personal injuries and economic damages suffered as a result of taking a drug. The drug maker removed the case to federal court and moved to stay the proceedings because it was likely that the case would be transferred to the multidistrict litigation (MDL) in a federal court in Louisiana. The consumers moved to remand.

**OVERVIEW:** The drug maker argued that judicial economy mandated a stay because of the overlapping factual issues and similar legal theories that existed in the drug cases currently pending in federal court, asserting that much work would be needlessly duplicated if pretrial proceedings and discovery continued to go forward notwithstanding the JPML's Transfer Order. The consumers argued that the drug maker's motion to stay should be denied and that the court should rule on their motion to remand prior to ruling on the drug maker's motion to stay. Granting the motion to stay was appropriate. Judicial economy weighed in favor of granting the stay. Six hundred such cases had been stayed, including more than 70 cases with pending motions to remand. While the consumers might well be subjected to some delay as a result of the issuance of a stay, that prejudice did not outweigh the judicial economy interests.

**OUTCOME:** The drug maker's motion to stay the proceedings was granted. All the proceedings were stayed pending transfer of the case to the MDL proceedings that had been established in a federal district court in Louisiana.

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Postremoval Remands > General Overview*
*Civil Procedure > Venue > Multidistrict Litigation*
[HN1] Pursuant to the Multidistrict Litigation Panel's specific finding, the pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in 28 U.S.C.S. § 1407 proceedings.

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Governments > Courts > Authority to Adjudicate*
[HN2] The power to stay a case is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. A district court may stay proceedings even where subject matter is uncertain.

**COUNSEL:** [*1] For Willie Mae Walker, Robert Wolfe, Wilma Brown, Cleo Cravens, Marilyn Provines,

Case 1:07-cv-06191    Document 31-3    Filed 01/10/2008    Page 3 of 4

Page 2
2005 U.S. Dist. LEXIS 13693, *

Phillip Nunn, Plaintiffs: Andrea B. Lamere, T. Evan Schaeffer, Schaeffer & Lamere, PC, Generally Admitted, Godfrey, IL; Evan D. Buxner, Walther Glenn Law Associates, Generally Admitted, St. Louis, MO; Jeffrey J. Lowe, Jeffrey J. Lowe, P.C., Generally Admitted, St. Louis, MO ; Joseph P. Danis, Carey & Danis, L.L.C., Generally Admitted, St. Louis, MO.

For Merck & Co Inc, Defendant: Dan H. Ball, Randy J. Soriano, Robert T. Ebert, Stephen G. Strauss, Bryan Cave - St. Louis, Generally Admitted, St. Louis, MO.

For Courtney Pharmacies, P.C., Medicine Shoppe of Salem, Inc., Defendants: Lawrence B. Grebel, Brown & James - St. Louis, St. Louis, MO.

For Wal-Mart Stores East, LP, Wal-Mart Stores East Inc, Wal-Mart Stores East, Inc., Defendants: John P. Cunningham, Brown & James - Belleville, Belleville, IL; David A. Dick, Thompson Coburn - St. Louis, St. Louis, MO.

For Caremark Illinois Mail Pharmacy, LLC, Defendant: David A. Dick, Thompson Coburn - St. Louis, Generally Admitted, St. Louis, MO.

For K-Mart Corporation, Kmart Corporation of Illinois, Inc., Defendants: Carrie Von Hoff, O'Hagan, [*2] Smith et al., Chicago, IL.

For Medco Health Solutions, Inc., Defendant: B. Matthew Struble, Thompson Coburn - St. Louis, MO, St. Louis, MO; David A. Dick, Thompson Coburn - St. Louis, St. Louis, MO.

**JUDGES:** HERNDON, District Judge.

**OPINION BY:** David R Herndon

**OPINION:**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is Defendant Merck's Motion to Stay All Proceedings. (Doc. 6.) Plaintiffs filed their 11-count complaint against Defendants in the Circuit Court of St. Clair County, Illinois, on April 12, 2005. (Doc. 2.) Plaintiffs seek damages for personal injuries and economic damages suffered as a result of taking the drug VIOXX(R), asserting that "Vioxx is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use." (*Id.*) On May 19, 2005, Defendant Merck removed the case to federal court based on diversity jurisdiction, *28 U.S.C. § § 1332, 1441, & 1446.* (Doc. 1.) n1 Merck asserts the action is properly removed to federal court because (1) the non-diverse pharmacy Defendants are fraudulently joined; and (2) Plaintiffs are fraudulently misjoined. ( [*3] *Id.*) In the present motion, Merck argues this Court should stay this case since it will likely be transferred to multidistrict litigation, **In re VIOXX Productts Liab. Litig., No. 1657,** in the Eastern District of Louisiana. (Doc. 5.) Plaintiffs oppose Merck's motion. (Doc. 30.) For the reasons set forth below, the Court **GRANTS** Merck's motion and **STAYS** all proceedings. (Doc. 5.)

> n1 All other Defendants have consented to removal. (Docs. 9, 13, 17, 23, 25, 40, 43).

Merck draws the Court's attention to the [HN1] MDL Panel's specific finding that "the pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in *Section 1407* proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge." (Doc. 6, Ex. 1, p. 2.) Merck argues that judicial economy mandates a stay because of the overlapping factual issues and similar legal theories that exist in the VIOXX(R) cases currently pending in federal court, asserting that much [*4] work would be needlessly duplicated if pretrial proceedings and discovery continued to go forward notwithstanding the JPML's Transfer Order. Merck further asserts that if the Court were not to issue a stay, it would be making rulings that would likely be reconsidered after coordination. Finally, Merck argues that without a stay it would be unnecessarily prejudiced by duplicative discovery and motion practice while Plaintiffs would suffer minimal or no prejudice.

Plaintiffs argue that Merck's motion to stay should be denied and the Court should rule on Plaintiffs' motion to remand prior to ruling on Defendants' motion to stay, directing the Court's attention to two cases where Chief Judge Murphy remanded VIOXX(R)-related cases after considering the issue of fraudulent joinder of non-diverse Illinois pharmacies. *See McQuay v. Merck & Co.,* **No. 05-CV-038-GPM, Mem. & Order dated Feb. 17, 2005 (Ex. 1);** *Brame v. Merck & Co., Inc.,* **No. 05-CV-34-GPM, Mem. & Order dated Feb. 17, 2005 (Ex. 2)** Plaintiffs point out that the Court is allowed to conduct pretrial proceedings, including the consideration of and ruling upon Plaintiffs' motion to remand, pending a determination of whether [*5] an MDL will be established. Plaintiffs further argue that judicial economy weighs in favor of ruling on the motion to remand prior to consideration of the motion to stay. Plaintiffs assert that they will be severely prejudiced if Merck's motion to stay is

granted because they have suffered serious injuries, and "if the Motion to Stay is granted and years from now the case is ultimately remanded, plaintiffs ... will have waited years before they are allowed to pursue their legal claims against Defendants in state court where this action belongs." (Doc. 30, p. 6.)

After carefully considering the arguments made by the parties, the Court finds a stay appropriate. [HN2] The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co., 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936).* In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *See Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc., 244 F. Supp.2d 900, 905-06 (N.D. Ill. 2002)* [*6] **(Gottschall, J.).** A district court may stay proceedings even where subject matter is uncertain. *See id. at 902*.

First, judicial economy weighs in favor of granting a stay. As Merck points out, 600 VIOXX(R)-related cases have now been stayed, including more than 70 cases with pending motions to remand. **(Doc. 28 in** *Wagner v. Merck,* **05-CV-364-DRH).** Thus, it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand. Second, the Court finds that while Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests. In short, on balance, the Court believe that the interest of judicial economy and the threat of inconsistent rulings outweigh the prejudice to Plaintiffs.

### III. Conclusion

In sum, the Court **GRANTS** Defendant Merck & Co., Inc.'s Motion to Stay All Proceedings (Doc. 5) and **STAYS** all proceedings in this action pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

**IT IS SO ORDERED.** [*7]

Signed this 22nd day of June, 2005.

/s/ David R Herndon

**United States District Judge**